NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMELIA GIORDANO,<br><br>Plaintiff,<br><br>v.<br><br>MGC MORTGAGE, INC,<br><br>Defendant. | Civil Action No.: 15-4399 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Presently before the Court is a motion to dismiss Plaintiff's amended complaint by Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the motion, the Court grants Defendant's motion to dismiss.

## I.   BACKGROUND

Plaintiff brought this suit alleging violations of the Real Estate Settlement Procedures Act ("RESPA"). (Am. Compl. (ECF No. 14), Count I.) In February 1999, Plaintiff entered into a mortgage loan agreement. (*Id* ¶ 5.) Plaintiff alleges that Defendant has been the loan servicing company for the mortgage since November 2011. (*Id.* ¶ 9.) Plaintiff further alleges that on March 18, 2015, she sent Defendant a "Request for Information ("RFI") and Qualified Written Request ("QWR") pursuant to 12 U.S.C. 2605 and 12 C.F.R. 1024.36." (*Id.* ¶ 10.) Plaintiff claims that Defendant failed to follow

1

the procedures outlined in 12 U.S.C. 2605 and 12 C.F.R. 1024.36 after receiving "the RFI and QWR letter," and as a result she suffered damages. (*Id.* ¶ 11, 17-24.)

Plaintiff filed her original complaint on June 25, 2015. (ECF No. 1.) Defendant moved to dismiss the complaint, arguing that RESPA claims require a Plaintiff to allege either actual damages or statutory damages as a result of a "pattern or practice" of violations, and that Plaintiff had done neither. Plaintiff did not dispute that she had not alleged actual damages.[1] Instead, she asserted that she had sufficiently alleged facts to support statutory damages. This Court disagreed, and granted Defendant's first motion to dismiss. (*See* ECF No. 13 (Order, Nov. 3, 2015 ("Nov. 3 Order")) ¶ 8.) The dismissal was without prejudice to allow Plaintiff to file an amended complaint curing the identified deficiencies. (*Id.* at 3.) Subsequently, Plaintiff filed an amended complaint on December 3, 2015. (ECF No. 14.) In the amended complaint, Plaintiff now alleges that she has suffered actual damages in the form of postage and legal fees in preparing and sending the letter to Defendant as well as damages for emotional distress from Defendant's failure to respond to the RFI/QWR letter. (*See* Am. Compl. ¶¶ 26-27.) Defendant presently moves to dismiss the amended complaint in its entirety.

## II. LEGAL STANDARD

Under Rule 8(a), for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] *See* ECF No. 11 (Pl.'s Opp'n to Def.'s First Mot. to Dismiss) at 3 ("MGC is aware that recovery of statutory damages is not dependent upon successful recovery of actual damages. Plaintiff's Complaint clearly alleges that MGC has exhibited a pattern or practice of noncompliance with the requirements of RESPA.") (citation omitted).

2

544, 570 (2007)). In determining the sufficiency of a complaint, the Third Circuit has outlined a three-step process:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1947, 50.) Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

As this Court previously stated in dismissing Plaintiff's original complaint, in order to bring a claim under RESPA, a plaintiff "must sufficiently allege one of two types of damages: (1) actual damages to the borrower as a result of the failure to comply with § 2605; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of § 2605." (Nov. 3 Order ¶ 4 (quoting *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012)).) Additionally, when basing a claim on actual damages, "the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and their injuries." *Straker v. Deutsche Bank Nat'l Trust*, No. 2012 WL 7829989, at *11 (M.D. Pa. Apr. 26, 2012) (internal quotations omitted); *see also Gorbaty*, 2012 WL 1372260, at *5 ("A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA."); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA.

3

Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.") (citing 12 U.S.C. § 2605(f)(1)(A)). Defendant argues that Plaintiff's amended complaint again fails to adequately plead damages.

### A.     Postage and Legal Fees

Plaintiff alleges that her "actual damages include the cost of postage to send the RFI and QWR letter, [and] the cost of fees paid to legal counsel who assisted in preparing the RFI and QWR letter." (Am. Compl. ¶ 26.) Defendant argues that "[c]osts incurred by a plaintiff in preparing and sending a QWR are not actionable under RESPA because such costs are incurred *before* the alleged RESPA violation, and therefore could not have been caused by the defendant's alleged failure to comply with RESPA; further, such costs would have been incurred whether or not the defendant had complied with RESPA, and therefore do not constitute actual damages." (Def.'s Mot. at 6 (emphasis in original).) Plaintiff, in response, argues that her "initial expenses in sending the QWR *became* damages when Defendant refused to comply with RESPA." (Pl.'s Opp'n at 9 (emphasis added).

In support of her position, Plaintiff cites to *Palmer v. MGC Mortg., Inc.*, 13-1734, 2013 WL 6524648 (E.D. Pa. Dec. 10, 2013), which cites to *Cortez v. Keystone Bank, Inc.*, No. 98–2457, 2000 WL 536666, at *12 (E.D. Pa. May 2, 2000). Both of these cases state that "courts have found 'actual damages' to mean 'pecuniary loss including such things as time spent away from employment while preparing correspondence to the loan servicer, and expenses for preparing, photocopying and obtaining certified copies of correspondence.'" *Palmer*, 2013 WL 6524648, at *5 (quoting *Cortez*, 2000 WL 536666, at *12). Plaintiff is reading a general phrase out of context with the actual findings of

4

those cases. Neither case found that the costs of postage and fees related to sending the initial letter—prior to any alleged violation—sufficiently alleged actual damages under RESPA. The court in *Palmer* found that allegations of "a forced default in her mortgage payment obligations, injury to Plaintiff's reputation, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss" were sufficient to state a claim. *See id.* at *6. The Court in *Cortez* found that "Plaintiffs have presented competent evidence that their available credit was decreased by the amount of outstanding interest charges on the account during any given week and they were thus unable to earn interest on other accounts. Insofar as a denial of access to the full amount of the credit line resulted from an improper failure to correct the assessment of interest charges, this would constitute actual damages for which Keystone could be liable." 2000 WL 536666, at *12.

Courts that have directly considered the issue of pre-violation letter preparation costs have found that such costs are not actual damages under RESPA because RESPA requires the damages to flow as a result of the violation. *See Zeich v. Select Portfolio Servicing, Inc.*, No. 15-1005, 2015 U.S. Dist. LEXIS 151519, at *5 (D. Or. Oct. 30, 2015) ("[T]o the extent plaintiff incurred fees for postage, he cannot recover for mailing the qualified written request itself."); *Steele v. Quantum Servicing Corp.*, No. 12-2897, 2013 U.S. Dist. LEXIS 88812, at *27 (N.D. Tex. June 25, 2013) ("[T]he costs allegedly incurred by Plaintiffs in preparing and sending the March 30, 2012 letter to Quantum are not actionable under RESPA because any such costs would have necessarily been incurred *before* the alleged RESPA violation.") (emphasis in original); *Gorton v. Wells Fargo Bank NA*, No. 12-1245, 2012 U.S. Dist. LEXIS 168158, at *23 (E.D. Ca. Nov. 27,

2012) ("Plaintiff alleges she incurred copying and postage costs, but that [was] the result of her sending of the QWR, not to any failure to respond adequately to it."); *Skaggs v. HSBC Bank USA, N.A.*, No. 10-247, 2011 U.S. Dist. LEXIS 98057, *46 (D. Haw. Aug. 31, 2011) ("Plaintiff seeks the cost of mailing a QWR itself, not any *subsequent* costs incurred by the failure to respond to that QWR. [*Cortez*] did not find that such QWR costs constituted 'actual damages' under RESPA.") (emphasis in original).

The Court finds these latter, on point, cases persuasive. First, the statute contains an express requirement that damages accrue "as a result of the failure" to comply with the provisions. *See* 12 U.S.C. § 2605(f). Expenses that would be incurred regardless of a violation do not occur "as a result" of the violation. Second, a finding that costs related to preparing and mailing the initial letter are actual damages under RESPA would make the actual damage pre-requisite to suit meaningless as there will always be some costs related to the initial letter. *See, e.g., Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Ca. 2010) ("Nor does simply having to file suit suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). For these reasons, the Court finds that the postage and other costs related to the initial letter—as pled by Plaintiff—are not actionable as damages under RESPA.

### B. Additional Fees

In her brief, Plaintiff asserts that "[h]aving received no response [to the RFI/QWR], Plaintiff then incurred additional damages including further costs of counsel, initiation of this litigation, and additional damages caused by emotional distress and anxiety caused by Defendant's disobedience to federal law and lack of communication."

(Pl.'s Opp'n at 11-12.) Plaintiff further asserts that "the delay in Defendant's response caused economic harm by delaying the opportunity for Plaintiff to engage in the loss mitigation process. As each day passed, Plaintiff was being charged interest and penalties by Defendant as the default period continued." (*Id.* at 11.)

Neither of these allegations appear in Plaintiff's amended complaint, and they will not be considered here for purposes of Defendant's present motion to dismiss. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alteration in original). However, because Defendant seeks dismissal of the claims with prejudice and Plaintiff has already been permitted one chance to amend the complaint, the Court will address each of these arguments briefly. First, Plaintiff has cited *no* cases in the section of her brief introducing these new alleged damages in support of her position. (*See* Pl.'s Opp'n at 11-13.)

Second, with respect to litigation expenses, many courts have found such costs insufficient to satisfy the actual damages pre-requisite to suit. *See, e.g., Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, (5th Cir. 2014) (agreeing that "attorney's fees and expenses of litigation . . . incurred cannot, as a matter of law, satisfy the actual damages requirement of a RESPA claim" because "RESPA allows for fees and expenses *in addition* to actual damages") (emphasis in original) (citing 12 U.S.C. § 2605(f)); *see also Kassner v. Chase Home Fin., LLC*, 2012 U.S. Dist. LEXIS 10358, at *21 (D. Mass. Jan. 27, 2012) ("[A]ttorney's fees for bringing a RESPA suit are not actual damages under the statute.") (collecting cases); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("[A]ttorneys' fees are not 'actual damages' as

contemplated by § 2605(f)(1) and instead are separately enumerated as recoverable losses in § 2605(f)(3)."). The Court finds the reasoning in these cases persuasive as a contrary finding would render the portion of the statute directly addressing "costs of the action" (§ 2605(f)(3)) superfluous. *See United States v. Cooper*, 396 F.3d 308, 312 (3d Cir. 2005) ("It is a well known canon of statutory construction that courts should construe statutory language to avoid interpretations that would render any phrase superfluous."). Therefore, the Court finds that leave to amend to add this allegation would be futile.

Third, with respect to alleged interest and penalties, it is not enough to say that charges were incurred; Plaintiff must allege that the charges were incurred *as a result* of the RESPA violation. *Compare Chung v. Shapiro & Denardo, LLC*, No. 14-6899, ECF No. 14-6899, at 3 n.2 (D.N.J. Jan. 29, 2016) ("Here, Plaintiff has specifically identified the problem (he could not discern how much he had to pay to bring the loan current) and specifically identified the harm (his loan remained in default, with additional attendant charges, due to his inability to pay it off). . . . Here, Plaintiff has alleged that a QWR response "would have enabled Plaintiff to determine the precise amount due to reinstate the loan."), *with Roth v. CitiMortgage Inc.*, No. 12-2446, 2013 WL 5205775, at *7 (E.D.N.Y. Sept. 11, 2013) aff'd, 756 F.3d 178 (2d Cir. 2014) (finding allegations of a variety of interest charges and late fees due to failure to correct the account were too conclusory to state a claim); *Gorton v. Wells Fargo Bank NA*, 2012 U.S. Dist. LEXIS 168158, at *23 (C.D. Cal. Nov. 27, 2012) ("Plaintiff also alleges incurrence of late payment fees and damages to her credit rating; however, these cannot be said to be incurred 'as a result of the failure' to respond to the QWR. These damages are related to Plaintiff's failure to make timely mortgage payments rather than a failure to respond to

8

Plaintiff's QWR."). As Plaintiff has framed the new allegation in her brief, it would not survive a motion to dismiss because it is conclusory and does not provide any explanation for how the alleged damages resulted from the alleged RESPA violation. However, unlike the new litigation fees allegation, Plaintiff may be able to provide additional allegations establishing the requisite causation, and therefore she will be permitted an opportunity to correct this deficiency.

### C. Emotional Distress

Plaintiff now alleges that her "actual damages also include non-pecuniary damages caused by the stress, anxiety and emotional distress that occurred when MGC failed to respond to the RFI and QWR letter." (Am. Compl. ¶ 27.) Defendant argues that "for purposes of RESPA, 'actual damages' are limited to pecuniary damages, and emotional distress and other non-pecuniary 'damages' are not recoverable in an action under RESPA." (Def.'s Reply at 1.) Both parties agree that there is no controlling authority on this point, and that district courts are split on the issue. (*See* Def.'s Mot. at 7; Pl.'s Opp'n at 6-7.) Two circuits that have addressed the issue have found such non-pecuniary damages to be recoverable under RESPA. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011) ("[E]motional distress damages are available as actual damages under RESPA, at least as a matter of law."); *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) ("[P]laintiffs . . . may recover for non-pecuniary damages, such as emotional distress and pain and suffering, under RESPA."); *see also Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 365 (E.D. Pa 2013) ("Defendant also contends that even if its RESPA duties were triggered, Plaintiff has not pled sufficient facts to show he suffered actual damages as a result. The Court again

disagrees. Plaintiff alleges she has suffered fear, anxiety and other emotional distress as a result of Defendant's actions.") (internal quotations omitted). The Court finds that the position allowing emotional distress damages is consistent with the statute's express language providing recovery for "*any* actual damages to the borrower." 12 U.S.C. § 2605(f) (emphasis added). However, the Court also agrees that bare conclusory statements—even if such damages are permitted—fail to satisfy Rule 8(a) much less RESPA's requirement that damages be "as a result of" the alleged violation. *See id.*; *Moore v. Mortg. Elec. Registration Sys., Inc.*, 848 F. Supp. 2d 107, 123 (D.N.H. 2012) (Under RESPA, "'actual damages' include damages for emotional distress (provided, of course, that there is a causal relationship between that distress and the alleged RESPA violation[)]. . . .").

    Here, with respect to emotional distress, Plaintiff alleges:

- The RFI and QWR letter asks MGC to disclose all loss mitigation options available to Plaintiff (Am. Compl. ¶ 15);

- The request was made because Plaintiff, having faced a temporary financial hardship, was seeking to know if a loan modification could be obtained (*id.*);

- Plaintiff felt anxious and experienced side effects from anxiety resulting from the uncertainty of whether loss mitigation options would be made available (*id.*); and

- Plaintiff's actual damages also include non-pecuniary damages caused by the stress, anxiety and emotional distress that occurred when MGC failed to respond to the RFI and QWR letter (*id.* ¶ 27).

The Court finds that Plaintiff's bare allegations are insufficient as they do not establish that the alleged distress was "as a result of" the failure to respond to the RFI/QWR letter as opposed to the financial hardships she was already experiencing. *See, e.g., Skaggs*, 2011 U.S. Dist. LEXIS 98057, at *48-49 ("Even construing [the allegations] in Plaintiff's

favor, her distress was not related to the April 29, 2010 QWR letter."). If a plaintiff simply can allege that failure to respond to a letter caused distress, without more, any RESPA claim would survive a motion to dismiss.

### D. Statutory Damages

In this Court's prior order granting Defendant's motion to dismiss Plaintiff's original complaint, the Court held that "[c]ontrary to Plaintiff's position, courts after implementation of the amendments have continued to find no pattern or practice on facts similar to this case [one request]." (Nov. 3 Order ¶ 7.) The Court further held that "Plaintiff's argument that she may be able to identify other violations through discovery is without merit. Plaintiff must be able to state a claim prior to discovery." (Id. ¶ 8 (internal citation omitted).) Plaintiff's original allegation, on which these holdings were based, was that "MGC has exhibited a pattern and practice of noncompliance with the requirements of [RESPA]." (Compl. ¶ 21.) Despite the above holding, Plaintiff's amended complaint continues to allege statutory damages based on a "pattern or practice" and merely edits the allegation to state that "[o]n information and belief, MGC maintains a pattern and practice of not responding to RFI and QWR letters and Plaintiff is a victim of this pattern and practice." (Am. Compl. ¶ 32.) The amended allegation is essentially the same allegation that the Court has already ruled is insufficient. Thus, for the same reasons stated in the Court's prior Order, Plaintiff's claims of statutory damages are insufficient, and the Court will not permit a second repleading of this issue.

11

### E. Repleading

Defendant argues that "[b]ecause this Court has already given Plaintiff the opportunity to amend her pleading to plausibly assert a claim under RESPA, and she has been unable to do so," the Court should "dismiss Plaintiff's Amended Complaint with prejudice." (Def.'s Mot. at 10 n.2.) Plaintiff has already been afforded one opportunity to cure the pleading deficiencies, and has not done so. Additionally, Plaintiff originally pled no actual damages, and did not argue that actual damages exist in opposition to Defendant's first motion to dismiss (even as a reason to permit re-pleading). Actual damages appeared for the first time in the Amended Complaint, and then expanded via briefing in response to Defendant's arguments in its second motion to dismiss. An opportunity for re-pleading at this stage is not for the purpose of trying to identify something new that may state a claim. Rather, it is meant to permit an opportunity to expand on existing factual allegations to add sufficient substance to the claims. With this in mind, the Court will permit Plaintiff to amend her complaint one more time. However, for the reasons identified in this Opinion, the amendment may not claim actual damages based on the postage and other fees associated with the initial QWR letter or the litigation costs in bringing this suit. An amendment also may not add more damage theories. The amendment is being permitted for the limited purpose of sufficiently pleading damages related to Plaintiff's interest and penalties and emotional distress allegations. Finally, an amendment may not re-assert a claim for statutory damages based on a pattern or practice. If Defendant believes that the amendment (if filed) is frivolously made (based

on the prior rulings of this Court and/or case law), it may include a motion for sanctions along with a new motion to dismiss.[2]

## IV.   CONCLUSION

For the reasons set forth above, Defendant's second motion to dismiss is granted. An appropriate Order accompanies this Opinion.

DATED: February 16, 2016

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE

---

[2] Such a motion will not automatically be granted even if Defendant prevails on a future motion to dismiss. However, Plaintiff is on notice that any amendment must include non-conclusory allegations that any damages *resulted from* the alleged RESPA violation. The Court believes that such an approach liberally permits Plaintiff the opportunity to cure pleading deficiencies while also recognizing that frivolous amendments (especially multiple amendments) unnecessarily increase the costs of litigation.

13